**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| SANDRA J. ROBBINS a/k/a SANDRA ROBBINS HENDERSON, | |
| Plaintiff, | Case No. 21-cv-3755 |
| v. | Hon. Sara L. Ellis |
| NEWREZ LLC f/k/a NEW PENN FINANCIAL, LLC d/b/a SHELLPOINT MORTGAGE SERVICING; U.S. BANK TRUST NATIONAL ASSOCIATION; 1900 CAPITAL TRUST II; BAYVIEW LOAN SERVICING LLC; and DIAZ ANSELMO & ASSOCIATES, LLC, | |
| Defendants. | |

**PLAINTIFF'S RESPONSE TO MOTION TO DISMISS
BY DEFENDANT BAYVIEW LOAN SERVICING LLC**

NOW COMES Plaintiff, by and through undersigned counsel, and submits this response in opposition to the motion to dismiss by Defendant Bayview Loan Servicing, LLC ("Bayview"), and respectfully states as follows in support:

## INTRODUCTION

Plaintiff fell behind on her mortgage loan and sought to cure her defaults and restore her good standing as a borrower by modifying the mortgage. (Compl. ¶¶34-35). On or about June 26, 2017, Bayview offered Plaintiff a loan modification that would bring her account current (Compl. ¶36). Plaintiff accepted the offer and thus successfully modified her mortgage, which cured any outstanding defaults and caused her to be current and in good standing on her mortgage. (Compl. ¶41).

Bayview nevertheless refused to acknowledge Plaintiff's modification of the mortgage and filed for foreclosure against Plaintiff on September 15, 2017 (the "2017 Foreclosure Action"). In the 2017 Foreclosure Action, Bayview sought to enforce the original terms of the

1

mortgage and claimed a default in April 2017. [Docket No. 11], at Ex. A, ¶3(j) (claiming default occurring on April 1, 2017). But that default was cured by Plaintiff's modification. The entire premise of the 2017 Foreclosure Action was that the original mortgage still persisted and was never modified.

Plaintiff filed a motion to dismiss in the 2017 Foreclosure Action, arguing that Bayview's allegations were false, that she had successfully modified the mortgage in June 2017, and that the case should be immediately disposed of. [Docket No. 11], at Ex. B (Plaintiff's motion to dismiss in the 2017 Foreclosure Action). On January 2, 2019, the court presiding over the 2017 Foreclosure Action granted Plaintiff's motion and the case was involuntarily dismissed. [Docket No. 11], Ex. C.

All that was decided in the 2017 Foreclosure Action was that Plaintiff had indeed modified her mortgage and that Bayview could not enforce the original terms of the mortgage due to that modification. Whether Bayview had breached the modified mortgage was not decided. And Plaintiff never made any counterclaims regarding any alleged breach by Bayview. Instead, Plaintiff is now prosecuting breach of contract claims by Bayview as separate action.

Bayview's claim that *res judicata* somehow bars Plaintiff's action against Bayview are entirely without merit. In Illinois, counterclaims are permissive, not mandatory. A foreclosure defendant is permitted to raise her claims against a foreclosure plaintiff in a separate action. The only exception is where Plaintiff's successful prosecution of this action would in effect nullify the judgment entered in the 2017 Foreclosure Action. It would not. All that was decided in the 2017 Foreclosure Action was that the mortgage was indeed modified. An action for breach of the modified contract would leave the judgment in the 2017 Foreclosure Action undisturbed.

Bayview's collateral estoppel argument fails for similar reasons. The issue presented in this lawsuit is whether Bayview breached the modified mortgage. The issue presented in the 2017 Foreclosure Action was whether the modification had even occurred in the first place. Collateral estoppel requires that the actions be identical. These actions involve distinct issues of law and fact that render collateral estoppel inapplicable.

## ARGUMENT

1.  **_Res judicata_ does not apply because Plaintiff is entitled to bring her claims as a separate action and a decision in this case will not nullify or abrogate the judgment in the 2017 Foreclosure Action**

In the 2017 Foreclosure Action, Bayview attempted to claim that Plaintiff defaulted on her mortgage and that the original terms of the mortgage remained in effect, notwithstanding Plaintiff's successful modification. Bayview lost, and the 2017 Foreclosure Action was involuntarily dismissed. Plaintiff did not bring counterclaims in the 2017 Foreclosure Action alleging that Bayview breached the modified mortgage. Nor was she required to. Plaintiff is allowed, under applicable Illinois civil procedure, to bring her claims as a separate action. So long as the success in this action will not nullify the judgment in the 2017 Foreclosure Case— and it will not—*res judicata* does not bar Plaintiff's claims.

In *Oshana v. FCL Builders, Inc.*, 2013 IL App (1st) 120851, the Illinois Appellate Court laid out how permissive counterclaims are not precluded by *res judicata*. The court stated that "[i]n Illinois, counterclaims are generally permissive rather than mandatory." *Id.* at ¶38 (citing 735 ILCS 5/2-608(a); *Marsh v. Nellessen*, 235 Ill. App. 3d 998, 1001, 602 N.E.2d 90, 176 Ill. Dec. 783 (1992). As such, "a defendant generally may raise his or her claim against the plaintiff by way of a counterclaim <u>or</u> by way of a separate action." *Id.* (emphasis added) (citing *Marsh*, 235 Ill. App. 3d at 1001). The only exception to the general rule of permissive counter claims is "if the defendant's claim involves the same operative facts as the plaintiff's claim" <u>and</u> "if

3

successful prosecution of [the second action] would in effect nullify the judgment entered in the initial action." *Id.* (citing RESTATEMENT (SECOND) OF JUDGMENTS § 22(2)(b) (1982); *Carey v. Neal, Cortina & Associates*, 216 Ill. App. 3d 51, 58, 576 N.E.2d 220, 159 Ill. Dec. 551 (1991).

Here, Plaintiff's claims in this case need not have been raised as counterclaims in the 2017 Foreclosure Action, and they are thus not barred by *res judicata*, because the operative facts in each case are different and successful prosecution of this case will not nullify the judgment in the 2017 Foreclosure Case. First, the operative facts are different because the 2017 Foreclosure Case only determined that the original mortgage had been modified and was no longer enforceable. Here, by contrast, Plaintiff seeks to recovery for Bayview's breach of the modified mortgage. The operative facts surrounding Bayview's breach will necessarily be distinct from the operative facts surrounding whether the mortgage was modified to begin with.

Second, a successful prosecution of this case will not nullify the judgment in the 2017 Foreclosure Case. The judgment in that case merely confirmed that the mortgage was indeed modified, as alleged by Plaintiff, and that Bayview was not entitled to enforce the terms of the prior, unmodified version of the mortgage. In this case, Plaintiff seeks to prosecute an alleged breach of that modified mortgage. If successful, Plaintiff will relied on the existence and enforceability of the modified mortgage. In no way will such a result nullify the judgment in the 2017 Foreclosure Action. To the contrary, it would harmonize with the judgment in the 2017 Foreclosure Action, moving beyond the mere existence of the modification, and instead determining whether Bayview breached that agreement.

Under these circumstances, there is no identity of causes of action between this case and the 2017 Foreclosure Action, and *res judicata* does not bar Plaintiff's claims.

2.  **Collateral estoppel does not apply because the issue already decided in the 2017 Foreclosure Action was the existence of Plaintiff's modification, not whether Bayview had breached it**

Application of collateral estoppel in this case is even more far-fetched that application of *res judicata*. Indeed, the requirements for collateral estoppel are more strict. As Bayview freely admits, collateral estoppel requires that the issue decided in the prior action must be <u>identical</u> to the one presented in this case. (Bayview's Br., pp.5-6). As explained above, the issues presented in this case and in the 2017 Foreclosure Action are not remotely identical.

The only issue decided in the 2017 Foreclosure Action was whether Plaintiff had indeed modified her mortgage, or whether Bayview could enforce the terms of the mortgage without regard to Plaintiff's alleged modification. Bayview lost, meaning that Plaintiff did indeed modify her mortgage and that Bayview could not enforce the terms of the unmodified mortgage. Whether Bayview had also breached the modified mortgage was never decided. Further, deciding whether Bayview was in breach was no necessary to the judgment in the 2017 Foreclosure Action. All that Plaintiff needed to establish was that the unmodified mortgage was a dead letter, and that the modification should control. She did that. But she need not have also established that Bayview breached the modified mortgage to prevail. Under these circumstances, collateral estoppel does not apply. *See American Family Mut. Ins. Co. v. Savickas*, 193 Ill.2d 378, 739 N.E.2d 445 (2000) (application of collateral estoppel requires "the party sought to be bound must actually have litigated the issue in the first suit and a decision on the issue must have been necessary to the judgment in the first litigation.").

Bayview's cited authorities offer no help for its position. In *Ross Adver., Inc. v. Heartland Bank & Trust Co.*, 2012 IL App (3d) 110200, a losing defendant (Ross) in a breach of contract case filed a subsequent lawsuit against the original plaintiff (Heartland) and alleged that Heartland had breached the subject contract first, and that Heartland also breached its duty of

5

good faith in dealing with Ross. *Id.* at ¶32. But Ross raised "identical claims in opposition to Heartland's motion for summary judgment" in the prior litigation. *Id.* at ¶33. Further, if Ross was successful in its claims as a plaintiff, the effect would be to nullify the judgment in the prior case. *Id.* at ¶36. As such, Ross's claims were barred by *res judicata* and collateral estoppel because Ross raised the exact same facts and legal arguments in the prior litigation as a defense, lost, and then sought to relitigate the identical issues as a plaintiff in a subsequent case. *Id.* at ¶37, 43.

Here, by contrast, Plaintiff won a motion to dismiss by showing the foreclosure court that the mortgage Bayview sought to enforce had been modified. Plaintiff prevailed without needing to prove that Bayview breached the modified version of the mortgage, only that the modification existed. Thus, the 2017 Foreclosure Action did not involve "identical claims" and success in this action will not nullify the prior judgment.

*Reyes v. Citimortgage, Inc.*, No. 15 C 50273, 2016 U.S. Dist. LEXIS 143653 (N.D. Ill. Oct. 18, 2016), is similarly unhelpful for Bayview. There, mortgage borrower filed a lawsuit against a mortgage bank during the pendency of a foreclosure action. *Id.* at *2-3. The borrower eventually lost the home in foreclosure. *Id.* at *2. In the suit against the mortgage bank, the borrower alleged that the bank had failed to properly apply his payments and had charged excessive fees, among other things. *Id.* at *4-5. But, in determining whether the bank had the right to foreclose, the court in the foreclosure case held an evidentiary hearing regarding the borrower's allegations. *Id.* at *6. And the borrower acknowledged that he raised the same issues with the foreclosure court to try and stop the foreclosure and judicial sale. *Id.* at *6-7. As such, the *Reyes* court concluded that the factual matters alleged by the borrower had already been heard and decided by the foreclosure court and dismissed the case under *res judicata*. *Id.* at *7-8,

Like *Ross*, the *Reyes* case bears no meaningful resemblance to this matter. Plaintiff in this case presented evidence that she had successfully modified her mortgage in order to defeat Bayview's claims that the original, unmodified mortgage remained in effect and that she had defaulted thereunder. Whether Bayview also breached the terms of the modified mortgage is a separate question that the 2017 Foreclosure Action never addressed. As such, neither *res judicata* nor collateral estoppel apply.

**CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that this Court deny Bayview's motion to dismiss.

Respectfully submitted,

/s/ *Daniel Brown*
Daniel Brown (ARDC # 6299184)
Main Street Attorney, LLC
PO Box 247
Chicago, IL 60690
(773) 453-7410
daniel@mainstreetattorney.com

*Counsel for Plaintiff*

## <u>CERTIFICATE OF SERVICE</u>

I, Daniel Brown, an attorney, hereby certify that on December 17, 2021, I electronically filed the foregoing document using the CM/ECF system, which will send notification of such filing to all attorneys of record.

<u>/s/ *Daniel Brown*</u>
Daniel Brown