**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| SANDRA J. ROBBINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 21 C 3755 |
| v. | ) | |
| | ) | Judge Sara L. Ellis |
| NEWREZ LLC d/b/a SHELLPOINT | ) | |
| MORTGAGE SERVICING, U.S. BANK | ) | |
| TRUST NATIONAL ASSOCIATION, 1900 | ) | |
| CAPITAL TRUST II, BAYVIEW LOAN | ) | |
| SERVICING LLC, and DIAZ ANSELMO & | ) | |
| ASSOCIATES, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

In June 2017, after Plaintiff Sandra Robbins fell behind on her mortgage payments, the servicer of her mortgage at the time, Bayview Loan Servicing, LLC ("Bayview"), offered to waive her late payments if she complied with certain terms. Robbins agreed and Bayview withdrew the specified payment from Robbins' bank account on June 30, 2017. But shortly after, Bayview filed for foreclosure (the "2017 Foreclosure") on Robbins' home, 10737 South Cottage Grove, Chicago, Illinois 60628 (the "Property") in the Circuit Court of Cook County, Illinois (2017-CH-12552). While the 2017 Foreclosure remained pending, Bayview transferred the servicing of Robbins' mortgage to NewRez LLC d/b/a Shellpoint Mortgage Servicing ("Shellpoint"). Thereafter, the Circuit Court granted Robbins' motion to dismiss the 2017 Foreclosure. But on September 4, 2020, the trustee of the Property, 1900 Capital Trust II by

U.S. Bank Trust National Association[1] ("Capital Trust"), filed a second foreclosure on the Property (the "2020 Foreclosure") in the Circuit Court of Cook County (2020-CH-05728).

Robbins filed this lawsuit in response, alleging that Bayview, Shellpoint, Capital Trust, and Diaz Anselmo & Associates, LLC ("Anselmo"), the law firm that filed the 2020 Foreclosure, wrongfully failed to acknowledge that Bayview waived Robbins' late payments in June 2017. Robbins brings claims for violations of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601 *et seq.*, the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, the Illinois Consumer Fraud and Deceptive Practices Act ("ICFA"), 815 Ill. Comp. Stat. 505/1 *et seq.*, as well as for breach of contract. Bayview now moves to dismiss Robbins' claim against it pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that both claim and issue preclusion bar the claim. Shellpoint and Capital Trust (collectively, the "Successor Defendants") move to dismiss or stay the case pursuant to Rule 12(b)(1) and the *Colorado River* doctrine or to dismiss the claims for failure to state a claim under Rule 12(b)(6). The Court grants the Successor Defendants' motion to stay because the Court concludes that the *Colorado River* doctrine requires staying the case pending resolution of the parallel 2020 Foreclosure.[2] As a result, the Court denies Bayview's and the Successor Defendants' motions regarding the sufficiency of Robbins' claims without prejudice to the parties refiling the motions once the Court lifts the stay.

---

[1] Robbins incorrectly sued U.S. Bank Trust National Association in its individual capacity. However, U.S. Bank Trust National Association solely serves as certificate trustee to Capital Trust for the Mortgage.

[2] On November 15, 2021, the Court stayed discovery and Anselmo's responsive pleading pending resolution of Bayview's and the Successor Defendants' motions to dismiss. Because the Court now stays the case pending resolution of the 2020 Foreclosure, these matters remain stayed.

## BACKGROUND[3]

Robbins took out a mortgage secured by the Property (the "Mortgage") in 2005 and ultimately fell behind on her payments in April 2017. In response, on or about June 26, 2017, Bayview sent Robbins a letter "as confirmation of an accommodation Bayview . . . recently extended, and [she] agreed to." Doc. 11 at 38. Bayview offered to waive Robbins' late payments if: (1) Robbins enrolled in Bayview's "Auto Pay" program, (2) Bayview received the requested payment by July 1, 2017, and (3) Bayview received the offer letter signed by Robbins. On June 30, 2017, (1) Robbins filled out Bayview's Auto Pay program form and sent it via fax to Bayview, (2) Bayview withdrew the specified payment from Robbins' bank account, and (3) Robbins signed and sent the offer letter via fax to Bayview. However, Bayview did not withdraw any payments thereafter and instead initiated the foreclosure process. Bayview filed the 2017 Foreclosure on September 15, 2017, arguing that Robbins defaulted on her payments starting in April 2017.

While the 2017 Foreclosure remained pending in the Circuit Court, on June 22, 2018, Shellpoint began servicing the Mortgage. On July 3, Bayview assigned the Mortgage to Koitere Dispositions, LLC, who then assigned the Mortgage to Capital Trust on the same day. Shortly thereafter, on August 16, Robbins filed a motion to dismiss the 2017 Foreclosure, arguing that

---

[3] The Court takes the facts in the background section from Robbins' complaint and presumes them to be true for the purpose of resolving Bayview and the Successor Defendants' motions to dismiss. *See Phillips v. Prudential Ins. Co. of Am.*, 714 F.3d 1017, 1019–20 (7th Cir. 2013). Although the Court normally cannot consider extrinsic evidence without converting a motion to dismiss into one for summary judgment, *Jackson v. Curry*, 888 F.3d 259, 263 (7th Cir. 2018), the Court may consider "documents that are central to the complaint and are referred to in it" in ruling on a motion to dismiss, *Williamson v. Curran*, 714 F.3d 432, 436 (7th Cir. 2013). Bayview's June 2017 offer to waive Robbins' late payments is central to and referred to in Robbins' complaint and thus, the Court considers it in deciding these motions. The Court "may also take judicial notice of matters of public record," *Orgone Cap. III, LLC v. Daubenspeck*, 912 F.3d 1039, 1043–44 (7th Cir. 2019), including the court orders and records in both the 2017 Foreclosure and the 2020 Foreclosure, *see Gen. Elec. Cap. Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1080–81 (7th Cir. 1997) (courts may take judicial notice of "matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint" (citation omitted)).

Bayview breached the parties' June 2017 agreement to waive her late payments. After
transferring the Mortgage, counsel for Bayview failed to appear for multiple hearings in the 2017
Foreclosure. As a result, on January 2, 2019, the Circuit Court granted Robbins' motion to
dismiss and set the case for a status hearing on January 24. Bayview filed a stay of execution on
March 6, 2019, and Anselmo filed an appearance on behalf of Bayview on June 26.

On September 4, 2020, Anselmo filed the 2020 Foreclosure on behalf of Capital Trust,
arguing that the Mortgage was "due for the February 1, 2018 payment." Doc. 1 ¶ 60. The 2020
Foreclosure omitted any reference to the June 2017 agreement between Bayview and Robbins.
On September 22, Robbins sent a dispute letter to Anselmo and Shellpoint explaining the June
2017 agreement and attaching a copy of Robbins' Auto Pay application form, Robbins' bank
statement indicating Bayview's withdrawal of the payment on June 30, 2017, a copy of the offer
letter signed by Robbins, and her fax confirmation page. On October 16, Shellpoint responded in
writing, asserting that Robbins failed to return the requested forms and therefore, the parties did
not form a valid contract to waive her late payments in June 2017. Robbins sent a notice of error
letter to Anselmo and Shellpoint on November 23 reiterating that she properly accepted
Bayview's June 2017 offer. Neither Anselmo nor Shellpoint responded to the letter. On
December 30, Robbins sent a second notice of error letter to Anselmo and Shellpoint, arguing
that Shellpoint failed to acknowledge or respond to her November 23 letter. Neither Anselmo
nor Shellpoint responded to this letter either. After her attempts to resolve the matter failed,
Robbins filed an appearance and paid the associated fee in the 2020 Foreclosure on February 8,
2021. Robbins filed this lawsuit on July 14, 2021, arguing that Defendants wrongfully failed to
acknowledge the June 2017 agreement to waive her late payments. The same day, Robbins filed
a motion for an indefinite extension in the 2020 Foreclosure pending the outcome of this lawsuit.

**ANALYSIS**

The Successor Defendants move to dismiss, or alternatively, to stay this case pursuant to the *Colorado River* doctrine pending resolution of the 2020 Foreclosure. "The *Colorado River* 'doctrine allows courts to conserve judicial resources by abstaining from accepting jurisdiction when there is a parallel proceeding elsewhere.'" *Baek v. Clausen*, 886 F.3d 652, 663 (7th Cir. 2018) (citation omitted). "The primary purpose of the *Colorado River* doctrine is to conserve both state and federal judicial resources and prevent inconsistent results." *Freed v. J.P. Morgan Chase Bank, N.A.*, 756 F.3d 1013, 1018 (7th Cir. 2014). The Court has discretion to stay federal proceedings pending the resolution of a state court action. *Id.* To determine if abstention under *Colorado River* is appropriate, the Court must first determine if the state and federal proceedings are parallel. *Baek*, 886 F.3d at 663 (citation omitted). "If the proceedings are parallel, the court must determine if abstention is proper by weighing ten non-exclusive factors." *Id.*

**I.      Whether the Actions Are Parallel**

Two cases are parallel when "substantially the same parties are litigating substantially the same issues simultaneously in two fora." *Id.* at 667 (citation omitted). The primary question for determining whether the state and federal cases are parallel for purposes of *Colorado River* abstention is not whether the cases are "formally symmetrical, but whether there is a 'substantial likelihood'" that the state case "will dispose of all claims presented in the federal case." *AAR Int'l Inc. v. Nimelias Enters. S.A.*, 250 F.3d 510, 518 (7th Cir. 2001) (citation omitted). The two cases "need not be identical to be parallel, and the mere presence of additional parties or issues in one of the cases will not necessarily preclude a finding that they are parallel." *Baek*, 886 F.3d at 667 (citation omitted). Where a plaintiff's federal lawsuit "relies significantly on the resolution of the primary legal issue under consideration" in the state court action, the cases are sufficiently

parallel to support *Colorado River* abstention. *Charles v. Bank of Am., N.A.*, No. 11 CV 8217, 2012 WL 6093903, at *4 (N.D. Ill. Dec. 5, 2012).

Here, the parties are not identical because the servicers of the Mortgage (Bayview and Shellpoint) are not parties to the 2020 Foreclosure. However, "the parallel nature of the actions cannot be destroyed by simply tacking on a few more defendants." *Clark v. Lacy*, 376 F.3d 682, 686–87 (7th Cir. 2004). Moreover, Shellpoint shares similar litigation interests with Capital Trust and Anselmo—demonstrating that Robbins defaulted on the Mortgage. *See Freed*, 756 F.3d at 1019 ("One way that parties in separate actions are considered substantially the same under the *Colorado River* doctrine is when they have 'nearly identical' interests." (citation omitted)). Thus, although the 2020 Foreclosure and this case do not involve identical parties, they do involve "substantially the same parties," allowing the Court to find they are parallel. *Baek*, 886 F.3d at 667 (citation omitted); *see Nieves v. Bank of Am., N.A.*, No. 14-cv-2300, 2015 WL 753977, at *4 (N.D. Ill. Feb. 20, 2015) ("Although it is true, as Plaintiff points out, that some of the claims in the federal complaint are asserted against the servicers of the loan (BANA and Everhome Mortgage)—which are not named as parties in the State Foreclosure Action—the Court nonetheless concludes that the actions are sufficiently parallel.").

Significantly, both cases involve nearly identical facts and issues. Both the 2020 Foreclosure and this case arise from the same facts—the Property, the Mortgage, the June 2017 agreement, and the parties' respective actions thereafter. *See, e.g.*, *Karol v. Old Second Nat'l Bank*, No. 20 C 4344, 2020 WL 6343088, at *3 (N.D. Ill. Oct. 29, 2020) (finding federal action parallel with pending state foreclosure action where "the contract[s] at issue in the two suits are identical and both actions involve the same property, the same mortgage, the same note, the same Change in Terms Agreements, and the same relevant payments"). Both actions also raise many

6

of the same legal issues, including: whether Bayview and Robbins formed a valid contract in June 2017, whether the parties complied with that contract, whether the 2017 Foreclosure precludes any claims or issues, whether Robbins defaulted on the Mortgage, and whether Capital Trust has a right to foreclose on the Property. *See, e.g.*, *Charles*, 2012 WL 6093903, at *4 ("Because Plaintiffs' federal action relies significantly on the resolution of the primary legal issue under consideration in BoA's state court foreclosure action, the Court finds that the actions are sufficiently parallel to support *Colorado River* abstention.").

Robbins does not contest that both cases arise from the same facts. Instead, she appears to argue that the cases are not parallel because they do not raise the same legal issues. Specifically, Robbins contends that the Circuit Court already decided in the 2017 Foreclosure that the parties formed a valid contract in June 2017 and so that question is not at issue here. However, the Successor Defendants argue that the Circuit Court did not reach a final judgment on the merits in the 2017 Foreclosure. So, both actions will necessarily have to resolve whether the Circuit Court reached a final judgment on the merits in the 2017 Foreclosure and if not, whether the parties formed a valid contract in June 2017, making this case and the 2020 Foreclosure parallel. Robbins asserts that "Defendants should not be able to avoid prosecution in federal court of Plaintiff's claims simply because it chooses to ignore the existence and effect of the 2017 Foreclosure Action in both state and federal court." Doc. 25 at 8. But "the existence and effect of the 2017 Foreclosure" is precisely what is at issue in both this Court and the 2020 Foreclosure, making the actions parallel.

As Robbins herself contends, this case seeks "to determine whether Defendants are liable for their misconduct in refusing to honor" the June 2017 agreement. *Id.* Thus, if the 2020 Foreclosure determines that the parties failed to form a valid contract in June 2017 and that

Robbins defaulted on the Mortgage as a result, nearly all of Robbins' claims here fail. Accordingly, the Court believes there is a substantial likelihood that the 2020 Foreclosure will resolve the claims in this action. *See Delaney v. Specialized Loan Servicing, LLC*, No. 15 C 5260, 2015 WL 7776902, at *4 (N.D. Ill. Dec. 3, 2015) (finding "there is a substantial likelihood that the state foreclosure action will dispose of all claims presented in Delaney's [federal] complaint" because "[i]f the state court concludes that Delaney defaulted on the mortgage and permits Structured to foreclose on the property," it would resolve her RESPA, FDCPA, ICFA, and breach of contract claims, which stemmed from the state foreclosure action).

The Court acknowledges that some portions of Robbins' RESPA and ICFA claims do not involve these issues. But even if the 2020 Foreclosure "may not necessarily resolve all aspects of [Robbins'] claims, it's likely that it will narrow the issues and resolve most, if not all, of the factual questions on which [Robbins'] claims are premised." *Nieves*, 2015 WL 753977, at *4. Because the resolution of the 2020 Foreclosure could dispose of nearly all of Robbins' claims here, the cases are parallel for purposes of the *Colorado River* doctrine. *See, e.g.*, *Karol*, 2020 WL 6343088, at *2 (finding federal action raising RESPA, ICFA, and breach of contract claims was parallel to pending state foreclosure case because the cases "involve extremely closely related legal and factual issues," including whether the mortgagee breached a valid contract and whether the mortgagee had a right to foreclose on the property).

## II.    Whether the *Colorado River* Factors Favor Abstention

Having determined that the state and federal actions are parallel, the Court must weigh the following factors to determine the propriety of abstention: (1) whether the state has assumed jurisdiction over property; (2) the inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; (4) the order in which jurisdiction was obtained by the concurrent

forums; (5) the source of governing law, state or federal; (6) the adequacy of state court action to protect the federal plaintiff's rights; (7) the relative progress of the state and federal proceedings; (8) the presence or absence of concurrent jurisdiction; (9) the availability of removal; and (10) the vexatious or contrived nature of the federal claim. *Baek*, 886 F.3d at 663–64 (citation omitted). The Court has "discretion to apply more significant weight and analysis to those factors that are most relevant to the case at hand." *Freed*, 756 F.3d at 1021. "[B]ecause of the presumption against abstention, absent or neutral factors weigh in favor of exercising jurisdiction." *Huon v. Johnson & Bell, Ltd.*, 657 F.3d 641, 648 (7th Cir. 2011). The Court will address each factor below. *See Freed*, 756 F.3d at 1022 (noting that the district court must "carefully address[ ] each of the ten factors and provide[ ] sufficient explanations for its findings").

A majority of the *Colorado River* factors weigh in favor of abstention. Relevant to the first and fourth factors, Capital Trust filed the 2020 Foreclosure and thus, the Circuit Court assumed jurisdiction over the Property on September 4, 2020—ten months before Robbins filed this lawsuit in July 2021. Robbins contends that because she is not asserting an interest in any property in this case, the 2020 Foreclosure has not assumed jurisdiction over any *relevant* property. However, regardless of the relief she seeks here, the 2020 Foreclosure has assumed jurisdiction over the Property and her claims in this case relate to the Property. Therefore, the first and fourth factors weigh in favor of abstention. *See, e.g.*, *Karol*, 2020 WL 6343088, at *4 ("The Seventh Circuit has held that differences in filing times as short as between five and seventh months favor abstention."); *Kane v. Bank of Am., Nat'l Ass'n*, No. 13 C 8053, 2017 WL 2243055, at *3 (N.D. Ill. May 23, 2017) ("Because Bank of America initiated a foreclosure action in state court, the state court has assumed jurisdiction over the property at issue.");

*Delaney*, 2015 WL 7776902, at *4 (finding first and fourth factors weighed in favor of abstention where mortgagee filed state foreclosure case eight months before mortgagor filed federal case).

Next, both courts are located in Chicago, so the second factor is neutral, weighing against abstention. *See Kane*, 2017 WL 2243055, at *3 (finding second factor weighed against abstention because both the Circuit Court of Cook County, Illinois and the United States District Court for the Northern District of Illinois "are located in downtown Chicago, within a few blocks of one another," meaning that "neither forum is more convenient than the other"). The third factor is the desirability of avoiding piecemeal litigation. "Piecemeal litigation occurs when different tribunals consider the same issue, thereby duplicating efforts and possibly reaching different results." *Day v. Union Mines Inc.*, 862 F.2d 652, 659 (7th Cir. 1988) (citation omitted). As explained above, the 2020 Foreclosure shares nearly identical facts and issues with this case. So, the third factor strongly favors abstention. *See, e.g.*, *Loughran v. Wells Fargo Bank, N.A.*, No. 19 C 4023, 2019 WL 6349890, at *4 (N.D. Ill. Nov. 27, 2019) ("The third factor, regarding the desirability of avoiding piecemeal litigation, also weighs in favor of abstention because the foreclosure action will likely dispose of a majority of the factual and legal issues presented in this case."); *Nieves*, 2015 WL 753977, at *5 (finding that third factor weighed in favor of abstention because "[c]oncurrent consideration of this case and the State Foreclosure Action—cases involving the same parties, contracts, documents, and legal issues—. . . presents a significant risk of inconsistent results").

As to the fifth factor—the source of governing law—Robbins brings both state and federal claims here. However, almost all of her claims turn on either issues of Illinois contract law (whether the parties formed a valid contract in June 2017 and whether they breached that

10

contract) or procedural law (preclusion), and this federal case is clearly a derivative of the 2020 Foreclosure. Therefore, the fifth factor favors abstention. *See, e.g.*, *Karol*, 2020 WL 6343088, at *4 (finding fifth factor favors abstention where federal RESPA claim was "substantially 'derivative' of the factual and legal issues" in the state foreclosure action (citation omitted)); *Kane*, 2017 WL 2243055, at *4 (finding fifth factor weighed in favor of abstention where Illinois law governed plaintiff's federal FDCPA claims); *Nieves*, 2015 WL 753977, at *5 (finding fifth factor favored abstention where Illinois law governed "one of the key factual and legal questions underlying the [FDCPA and RESPA] claims").

Next, the 2020 Foreclosure is certainly adequate to protect Robbins' rights. Robbins argues that the Circuit Court "has fewer resources and less expertise in the adjudication of claims under federal law." Doc. 25 at 9. However, the Seventh Circuit has asserted that "[t]he insinuation that Illinois courts will not live up to the standard of full and fair adjudication of the issues 'is pure speculation that we expressly disavow.'" *Tyrer v. City of S. Beloit*, 456 F.3d 744, 757 (7th Cir. 2006). And, as already discussed, a majority of Robbins' claims depend on Illinois law, which the Circuit Court is certainly qualified to address. *See Kane*, 2017 WL 2243055, at *4 ("The state court is eminently competent to protect Kane's rights, which, as just noted, turn on state law.").

Moreover, the statutes that provide the basis for Robbins' federal claims (RESPA and the FDCPA) grant concurrent jurisdiction to the state courts, making the Circuit Court competent to protect Robbins' federal rights as well. *See* 12 U.S.C § 2614; 15 U.S.C. § 1692k(d). Additionally, as discussed more fully below, the Court is staying, not dismissing, the case, which gives Robbins the "possibility to revive [her] federal litigation depending on the outcome in state court or in the unlikely event that the state court action is inadequate." *Freed*, 756 F.3d at 1023.

Accordingly, both the sixth and eighth factors favor abstention. *See, e.g.*, *Karol*, 2020 WL 6343088, at *5 (finding factors six and eight weighed in favor of abstention because "two of the Karols' claims arise under state law and because RESPA grants concurrent jurisdiction to the state court," and thus the court had "no reason to doubt the adequacy" of the state forum); *Nieves*, 2015 WL 753977, at *6 (finding factors six and eight weighed in favor of abstention because plaintiff could raise his breach of contract, FDCPA, and RESPA claims in state court).

Robbins argues that the ninth factor, the availability of removal, weighs against abstention because "[t]his case seeks to impose consequences on Defendants for their continued failure to ignore the June 2017 modification and the results of the 2017 Foreclosure Action." Doc. 25 at 8. However, Robbins fails to explain how this relates to the availability of removal or weighs against abstention. Robbins can make the same arguments in defense to the 2020 Foreclosure and could have removed the 2020 Foreclosure to this Court. *See Delaney*, 2015 WL 7776902, at *4 ("Delaney could have removed the foreclosure action to federal court based on diversity jurisdiction but did not."); *Byrd v. Homecomings Fin. Network*, 407 F. Supp. 2d 937, 943 (N.D. Ill. 2005) (finding plaintiff could have raised her RESPA and FDCPA claims in state foreclosure action). Instead, she chose to file this lawsuit. Therefore, the tenth factor also favors abstention. *See Freed*, 756 F.3d at 1024 (noting that the tenth "factor can weigh in favor of abstention when the claims and parties in the federal suit could have been included in the original state court proceeding"); *Karol*, 2020 WL 6343088, at *5 ("As other courts have recognized, one need not comment adversely on a federal plaintiff's motives to conclude that, because his federal court claims closely track his state-court pleadings, the federal suit is vexatious and contrived within the meaning of *Colorado River*." (citation omitted)).

12

The seventh factor—the relative progress of the state and federal proceedings—is neutral or slightly weighs against abstention. Robbins filed a motion to stay the 2020 Foreclosure the same day she filed this lawsuit. Based on the information available to the Court, the 2020 Foreclosure has not progressed since then and the Circuit Court has not yet ruled on Robbins' motion. As a result, neither case has progressed past the pleadings stage. Nonetheless, because a vast majority (eight) of the factors weigh in favor of abstention under the *Colorado River* doctrine, the Court finds that exceptional circumstances warrant abstaining and allowing the 2020 Foreclosure to move forward. *See Nieves*, 2015 WL 753977, at *5 (finding it "far more efficient to stay this case and allow the state case to go forward, as opposed to litigating the same issues concurrently in two lawsuits" where state foreclosure action had been stayed pending resolution of motion to dismiss or stay in federal court).

## III.    Stay or Dismissal

Although the Successor Defendants ask the Court to dismiss Robbins' complaint if it determines abstention is appropriate, the Seventh Circuit has held that "a stay, not a dismissal, is the appropriate procedural mechanism for a district court to employ in deferring to a parallel state court proceeding under the *Colorado River* doctrine." *Selmon v. Portsmouth Drive Condo. Ass'n*, 89 F.3d 406, 409–10 (7th Cir. 1996) (collecting cases). Thus, the Court joins many others in this District in exercising its discretion to stay this case pending resolution of the 2020 Foreclosure under the *Colorado River* doctrine. *See, e.g.*, *Karol*, 2020 WL 6343088, at *5 (staying federal action pending resolution of parallel state foreclosure case); *Nieves*, 2015 WL 753977, at *7–8 (same); *Delaney*, 2015 WL 7776902, at *5 (same); *Charles*, 2012 WL 6093903, at *8 (same). Because the Court has stayed the case, it need not address the Successor Defendants' or Bayview's arguments regarding the sufficiency of Robbins' claims at this time.

## CONCLUSION

For the foregoing reasons, the Court grants the Successor Defendants' motion to stay [15] and stays this case pending resolution of the 2020 Foreclosure. The Court denies Bayview's [11] and the Successor Defendants' [15] motions to dismiss without prejudice to the parties refiling the motions once the Court lifts the stay. The Court sets a status hearing on October 19, 2022 at 9:30 a.m., and directs the parties to file a joint status report by October 12, 2022 indicating the status of the 2020 Foreclosure.


Dated: April 25, 2022

_____
SARA L. ELLIS
United States District Judge